**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Vincencio PALMA–SALAZAR,**
**Defendant–Appellant.**

No. 15–30203

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2016 *

Filed July 25, 2016

Lisca Borichewski, Assistant U.S. Attorney, Helen J. Brunner, Esquire, Assistant U.S. Attorney, Mark Paul Parrent, Assistant U.S. Attorney, Sarah Y. Vogel, Assistant U.S. Attorney, Seattle, WA, Matthew H. Thomas, Assistant U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee

Eric Hultman, Hultman Law Office, Kirkland, WA, for Defendant–Appellant

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Vincencio Palma–Salazar, Pro Se

Before: HUG, FARRIS, and CANBY, Circuit Judges.

MEMORANDUM **

Vincencio Palma–Salazar appeals from the district court's judgment and challenges his guilty-plea conviction and 120–month sentence for conspiracy to distribute cocaine, heroin, and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Palma–Salazar's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. No pro se supplemental brief or answering brief has been filed.

Palma–Salazar has waived his right to appeal both the conviction and the sentence. Because the record discloses no arguable issue as to the validity of the appeal waiver, we dismiss the appeal. *See United States v. Watson*, 582 F.3d 974, 986–88 (9th Cir. 2009).

We decline to review Palma–Salazar's ineffective assistance of counsel claims on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011). We leave open the possibility that he might raise an ineffective assistance of counsel claim in collateral proceedings. *See id.*

Counsel's motion to withdraw is **GRANTED**.

**DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.